■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DWAYNE BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered December 29, 1983, convicting him of robbery in the first degree, robbery in the second degree, and resisting arrest, upon a jury verdict, and imposing concurrent terms of imprisonment of 4 to 12 years, and 3 to 9 years, and a conditional discharge.

Judgment affirmed.

We disagree with defendant's contention that the identification by the complaining witness was improperly bolstered by the testimony of two police officers. The officers did not testify that complainant had identified defendant and thus there was no violation of the rule formulated in *People v Trowbridge* (305 NY 471; *see also, People v Caserta,* 19 NY2d 18). Nor did their testimony that they arrested defendant after a conversation with the complainant "inferentially" bolster the identification testimony *(cf. People v Ross,* 79 AD2d 666). The circumstances of defendant's apprehension by the police had already been described by the complainant, and the officers' testimony did not suggest that there was any higher degree of reliability to the identification than did the complainant's identification testimony itself. Moreover, the circumstances surrounding the arrest were probative on the issue of whether the arrest was "authorized" within the statutory definition of resisting arrest (Penal Law § 205.30).

In light of defendant's record of numerous juvenile offenses and his having violated the terms of probation, we cannot say that the sentencing court abused its discretion in refusing to

afford defendant youthful offender treatment *(see,* CPL 720.20). Furthermore, no extraordinary circumstances exist to warrant our interference with the sentencing court's discretion by reducing the sentence imposed *(see, People v Suitte,* 90 AD2d 80; *People v Notey,* 72 AD2d 279).

Those of defendant's remaining contentions which are preserved for our review *(see,* CPL 470.05 [2]) have been examined and found to be without merit. The claims which are unpreserved do not warrant the exercise of our interest of justice jurisdiction *(see,* CPL 470.15 [6] [a]). O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.