■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS JAMES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered May 14, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony.

Judgment affirmed.

We find unpersuasive defendant's contention that the showup identification procedure employed at bar was unduly suggestive so as to violate due process. It is clear from the record before us that the showup conducted by the police at the scene of defendant's apprehension, just minutes after the robbery, did not expose defendant to a substantial risk of irreparable misidentification (see, People v Arnette, 111 AD2d 861; Neil v Biggers, 409 US 188; People v Digiosaffatte, 63 AD2d 703). In any event, the evidence supports the hearing court's determination that the complainant's observation of defendant during the commission of the robbery constituted an independent source for the in-court identification (see, People v Smalls, 112 AD2d 173; People v Smallwood, 99 AD2d 819).

We reject, moreover, the contention that defendant was denied the opportunity to fully contest the identification issue at his Wade hearing because one of the officers who had been present at the showup, but who was no longer employed by the police department at the time of the hearing, was not compelled by Criminal Term to appear thereat. Criminal Term did not preclude defendant from calling the former officer as a witness. The former officer was in fact subpoenaed under CPL 610.20 but failed to comply. Upon his failure to

appear, Criminal Term did not hold him in contempt. However, both the complainant and the officer who conducted the identification procedure at the scene of defendant's apprehension were present at the *Wade* hearing and were subjected to full and vigorous cross-examination by defense counsel. Defendant was not, therefore, deprived of the opportunity to vigorously contest the validity of the identification. It appears that the testimony of the former officer would only have been cumulative. Thus, there exists no basis to order a reopening of the *Wade* hearing *(see, People v Fuentes,* 53 NY2d 892, 894; *cf. People v Andriani,* 67 AD2d 20, 24, *cert denied sub nom. Boutureira v New York,* 444 US 866). Moreover, the record belies defendant's contention that the prosecutor promised or represented that he was going to produce the former officer at the trial.

Defendant's application for a severance of his case from that of his codefendant, made toward the end of the trial, was both untimely and properly denied. A motion for a severance must be made prior to trial *(see, People v Amato,* 99 AD2d 495, 496). In any event, the trial court did not abuse its discretion in declining to order a severance *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905).

We have reviewed defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.