■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered August 20, 1984, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which sought the suppression of identification testimony and certain statements made to law enforcement officials.

Judgment affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which sought to suppress his confessions. The first of the challenged confessions was made at the time of the defendant's arrest in response to a police officer's question which was aimed at clarification of the situation confronted by the officer rather than to elicit incriminating evidence and, thus, was permissible in the absence of *Miranda* warnings *(see, People v Johnson,* 86 AD2d 165, *affd* 59 NY2d 1014; *People v Huffman,* 41 NY2d 29). The second confession was made after the defendant was advised of his *Miranda* rights and, in any event, was not made in response to questions posed by law enforcement personnel. Therefore, it was also properly admitted into evidence *(see, People v Huffman, supra,* at p 33).

We also find that the complainant's identification testimony was properly admitted at trial. Although the pretrial showup was less than ideal, it was not violative of due process since it was made in the vicinity of the crime and within a short time of its commission *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366; *People v Smith,* 38 NY2d 882; *cf. People v Ford,* 100 AD2d 941). The defendant's allegation of impermissible police conduct is erroneously based on trial testimony. The propriety of a denial of a motion to suppress "must be judged on the evidence before the suppression court" *(see, People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010; *People v Dodt,* 61 NY2d 408). Therefore, we decline to consider the allegation.

The defendant's claim of bolstering in violation of the rule of *People v Trowbridge* (305 NY 471) has not been preserved for appellate review since no objection was raised at the trial

court (see, People v Love, 57 NY2d 1023, supra; People v West, 56 NY2d 662) and we decline to consider it in the interest of justice.

We find no basis to modify the sentence imposed (see, People v Suitte, 90 AD2d 80). We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.