◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MORRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 12, 1984, convicting him of robbery in the first degree (eight counts), robbery in the second degree (four

counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and certain statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Viewed in the totality of the circumstances, the showup identification procedure conducted by the police at the scene and in close temporal proximity to the crime was not unduly suggestive or conducive to irreparable mistaken identification. Rather, it was appropriately conducted in the interest of securing a prompt and reliable identification of the defendant as the perpetrator and of minimizing the intrusion upon a possibly innocent person's freedom (see, People v Love, 57 NY2d 1023, 1024-1025; People v Rivera, 108 AD2d 935; People v Digiosaffatte, 63 AD2d 703; cf., People v Osgood, 89 AD2d 76). In any event, we find that the hearing court properly found that an independent basis existed for the in-court identification of the defendant. The five complainants each testified that they had sufficient opportunity to observe the defendant at various points during the commission of the crime and to notice that he was shorter and of stockier build than his accomplice, and had distinguishing facial features. Moreover, three of the complainants stated that they recognized the defendant when he entered the residence because they had observed him walking down the street near the scene of the crime just prior to its commission (see, People v Rivera, 108 AD2d 935, supra).

We also find that the defendant's statements to the police were properly admitted at the trial. The defendant's allegation of impermissible police conduct during the interrogation is erroneously based upon his trial testimony which was not presented to the hearing court (see, People v King, 121 AD2d 471, lv denied 68 NY2d 758). Therefore, we decline to consider the trial testimony on this issue.

Finally, we find no basis to conclude that the defendant's sentence is excessive (see, People v Brown, 115 AD2d 485, 486, lv denied 67 NY2d 760). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.