■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 23, 1982, as amended July 7, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is affirmed.

The defendant's contention that the complainant's identification was tainted by "important inconsistencies" and therefore should have been suppressed is based erroneously upon the complainant's trial testimony. As this court has recently noted "[t]he propriety of a denial of a motion to suppress 'must be judged on the evidence before the suppression court' " (People v King, 121 AD2d 471, lv denied 68 NY2d 758, quoting from People v Gonzalez, 55 NY2d 720, 722, cert denied 456 US 1010; see also, People v Malone, 121 AD2d 657, lv denied 69 NY2d 713; cf., People v Dodt, 61 NY2d 408). Accordingly, the defendant's argument in respect to alleged "inconsistencies" rests upon improper grounds and must be rejected (see, People v King, supra).

Further, our review of the record discloses that the showup identification procedure employed at bar was not unduly suggestive so as to violate due process. The showup—conducted at the scene of the defendant's apprehension only minutes after the robbery had been committed—did not expose the defendant to a substantial risk of irreparable misidentification (see, People v James, 116 AD2d 663, lv denied 67 NY2d 885; People v Arnette, 111 AD2d 861).

The defendant's contention that the court erred by denying his motions to sever his trial from that of his codefendant is without merit. The defendant's motions—made after commencement of trial—were untimely *(see, People v James, supra; People v Amato,* 99 AD2d 495), and, in any event, we find that the trial court properly exercised its discretion in declining to grant them *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905; *People v James, supra).*

The evidence, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY 2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined defendant's remaining contentions, including those in his *pro se* supplemental brief, and find them to be without merit *(see, People v James, supra,* at 63). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.