■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 14, 1984, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

At approximately noon on March 13, 1984, Ramon Bermudez was robbed at gunpoint inside his candy store on Jamaica Avenue in Queens. Mr. Bermudez identified the codefendant Ashlay as the person who shot him in the face and stole the contents of the cash register. At the time of the robbery, Mr. Bermudez noticed two other young, black men outside the store "looking everyplace". Although Mr. Bermudez could not see their faces, he saw them run off with Ashlay after the robbery. Steven Santillos was at a telephone booth near the corner of Jamaica Avenue and 212th Street, just down the block from the candy store, at the time of the robbery. He knew the defendant and the codefendant Ashlay from the neighborhood and recognized them as they ran from the candy store with a third young man. He saw them enter a house at the corner.

The defendant and Ashlay were arrested later that same day. After waiving his *Miranda* rights, the defendant told the investigating detective that, at Ashlay's instigation, he, Ashlay, and a named juvenile planned and carried out the robbery of the candy store. The defendant stated that he waited outside while Ashlay and the juvenile were inside. Afterward,

they all went to the defendant's house on 212th Street and split the proceeds.

Ashlay also made an incriminating statement after his arrest. He told the detective that he had taken the gun used in the robbery from his father's dresser and had recruited the defendant and the juvenile to rob the candy store. Ashlay admitted to robbing Mr. Bermudez and stated that "the gun discharged" when the victim reached for it. Expert testimony established that the bullet removed from Mr. Bermudez' face had been fired from a revolver which was confiscated, pursuant to a search warrant, from Ashlay's father's dresser.

The statements of both the defendant and Ashlay were admitted into evidence at their joint trial. Neither the defendant nor Ashlay testified. The defendant was convicted of robbery in the first degree, robbery in the second degree, and assault in the first degree. The assault conviction was set aside by the trial court. He was acquitted of attempted murder in the second degree and the counts charging him with possession of the weapon. Ashlay was convicted of all the charges submitted to the jury.

The defendant now contends that the introduction of Ashlay's statement at their joint trial violated his Sixth Amendment right to confront and cross-examine witnesses *(see, Cruz v New York,* 481 US 1). The defendant's claim was not preserved for appellate review as a matter of law. At trial, the defendant never objected to the introduction of the codefendant's statement. He also never moved for a severance. "Having failed to move for a severance, the defendant waived the issue of the propriety of the joint trial" *(People v Barbaran,* 118 AD2d 578, 580, *lv denied* 67 NY2d 1050; *see also, People v Taylor,* 111 AD2d 520, 521-522, *lv denied* 66 NY2d 618; *People v Downs,* 77 AD2d 740, 741-742).

Furthermore, reversal in the interests of justice is not warranted since the evidence of the defendant's guilt, independent of Ashlay's statement, was overwhelming. In addition to Mr. Santillos' testimony, the defendant's own confession fully implicated him in the crime. In view of the strength of the evidence, we conclude that there is no reasonable possibility that the error might have contributed to the defendant's conviction and that it was harmless beyond a reasonable doubt *(see, People v Sheffield,* 118 AD2d 882, *lv denied* 68 NY2d 773; *People v Davis,* 105 AD2d 1148; *People v Crampton,* 107 AD2d 998; *Cruz v New York, supra,* 481 US, at —, 107 S Ct, at 1719).

The defendant further claims that the hearing court erred in denying that branch of his motion which was to suppress his confession. We disagree. Although the defendant had, at the time of his arrest in this case, two pending cases arising from arrests in the same precinct, the arresting officer in this case did not have actual knowledge of the defendant's prior pending cases. Accordingly, the officer's questioning of the defendant about this case did not violate his right to counsel *(see, People v Bertolo,* 65 NY2d 111; *People v Lucarano,* 61 NY2d 138; *People v Servidio,* 54 NY2d 951; *People v Beverly,* 104 AD2d 996). "The emphasis in this line of cases has been upon knowledge on the part of the police of the event triggering the right to counsel" *(People v Lucarano, supra,* at 145). The rule, as reiterated in *People v Bertolo (supra,* at 119), is as follows: "Absent some actual knowledge, however, of either defendant's representation by counsel or the pendency of prior charges, the police have no affirmative duty to cease their questioning or inquire whether defendant has an attorney".

Further, the officer cannot be charged with constructive knowledge of the defendant's representation on these matters *(see, People v Woolard,* 124 AD2d 763, *lv denied* 69 NY2d 751). The interaction of this officer with other police officers in his precinct who had previously arrested the defendant was not so close as to render their work a joint investigation *(see, People v Fuschino,* 59 NY2d 91; *People v Woolard, supra; People v Beverly, supra).* Moreover, the defendant failed to meet his burden of proving that he was represented on the prior, pending charges at the time of the interrogation in the instant matter *(see, People v Rosa,* 65 NY2d 380; *People v Ryans,* 118 AD2d 741). We further find that the defendant was properly advised of his rights in accordance with *Miranda v Arizona* (384 US 436), which he knowingly, intelligently and voluntarily waived *(People v Williams,* 62 NY2d 285; *People v Anderson,* 42 NY2d 35; *People v Huntley,* 15 NY2d 72). The hearing court therefore properly denied the defendant's motion to suppress his statements.

We have considered the remaining contentions raised by the defendant and find them to be without merit. The defendant's claim concerning the court's instruction on accessorial liability was not preserved for appellate review by a request or objection at trial (CPL 470.05). Finally, the sentence imposed was not unduly harsh or excessive and did not constitute an abuse of discretion *(People v Suitte,* 90 AD2d 80). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.