OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*942 Defendant has been convicted of robbery in the first degree (Penal Law § 160.15) as a result of holding up a Staten Island delicatessen. During the course of the holdup an alarm was activated summoning the owner of the store. When defendant saw the owner outside, he placed the barrel of his gun at the back of the cashier’s neck and threatened to shoot her if the owner tried to enter the store. Defendant and his accomplice then removed the money from the cash register and made their exit through a door at the back of the store. As they were leaving, one of the robbers fired two shots in the general direction of the front window.
Defendant’s gun was not recovered and in a subsequent investigation police found no bullets, spent cartridges or shells in the store or any damage to the premises caused by the shots. A police report, stating that the gun from which the shots were fired "apparently contained blanks”, was offered in evidence by the defense.
At trial defendant offered no direct proof of his gun’s inoperability but, nevertheless, requested the court to charge the jury on the affirmative defense set forth in Penal Law § 160.15 (4). That section provides that if the accused proves by a preponderance of the evidence that the firearm displayed in the robbery was not "a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged”, then the most serious crime for which the accused can be convicted is second degree robbery. The trial court refused to give the instruction and defendant was convicted of robbery in the first degree, robbery in the second degree and criminal possession of stolen property in the third degree (for an unrelated car theft). A divided Appellate Division affirmed the judgment of conviction.
On appeal, defendant claims that the trial court erred in failing to charge the affirmative defense on operability of the weapon. Before defendant was entitled to the instruction, however, the burden rested on him to make a prima facie showing that the gun was inoperable or unloaded. He failed to do so. The only evidence he points to was the testimony of one of the investigating police officers concerning the absence of cartridges, bullets or damage to the glass in the front of the store and the officer’s assumption in his incident report that the gun "apparently contained blanks”. Even if a prima facie showing was made that only blanks were fired, however, the members of the jury could do no more than speculate that defendant’s gun was not capable of causing death or other *943 serious physical injury, and thus the court properly denied defendant’s request to submit the issue to them.
Defendant’s remaining contentions are either unpreserved or without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed in a memorandum.