■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH STEVENS, Appellant

On July 10, 1985, the complainant, a New York City bus driver, was robbed of $15 and his employee bus pass at gunpoint. On August 22, 1985, while walking at the corner of Snyder and Nostrand Avenues in Brooklyn en route to the 67th Precinct station house, in uniform, Police Officer Gerald Schoenacher was approached by several civilians who told him that shots were being fired a block away on Church and Nostrand Avenues. As he headed in that direction, Officer Schoenacher observed the defendant running down Nostrand Avenue being chased by three people. Upon stopping the defendant, the officer was advised by the individuals who had been pursuing him that the defendant had robbed someone at the subway station at Church and Nostrand Avenues. The officer frisked the defendant and recovered a starter's pistol, at which time he placed the defendant under arrest. The defendant was then taken to the police station, where, during an inventory search of his wallet, the officer recovered the complainant's employee bus pass. Upon this evidence, we conclude that the court properly denied the defendant's motion for suppression of both the pistol and the bus pass, albeit without making the requisite findings of fact as prescribed by the CPL *(see,* CPL 710.60 [4], [6]), which we now make *(see, People v Gonzalez,* 116 AD2d 661).

A warrantless stop and frisk is justified when based on reasonable suspicion of criminal activity (CPL 140.50), meaning " ' "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" ' " *(People v Hicks,* 68 NY2d 234, 238, quoting *People v Ingle,* 36 NY2d 413, 420). Further "[i]n assessing the over-all reasonableness of police conduct, a court is obliged to consider not only the information which the police initially have but also the information gathered as events unfold" *(People v Fulmore,* 133 AD2d 169, 170).

The information possessed by Officer Schoenacher upon his stop of the defendant, i.e., that shots had been fired in the vicinity, and his observation of the defendant running from where the shots had allegedly been fired and being pursued by several individuals, was clearly a sufficient predicate for the limited intrusion upon the defendant's person, i.e., the stop and frisk. Moreover, upon both ascertaining from identified citizens upon whose information he was entitled to rely *(see, People v Moore,* 32 NY2d 67, *cert denied* 414 US 1011; *People v Arthurs,* 24 NY2d 688; *People v Hairston,* 117 AD2d 618, *lv denied* 67 NY2d 884) that the defendant had just robbed

someone and upon discovering the gun on the defendant's person, the officer was entitled to effectuate a warrantless arrest, for he possessed reasonable cause to believe that a crime had been committed and that the defendant had been one of the perpetrators *(see,* CPL 140.10 [1] [b]). Consequently, the physical evidence which was the subject of a branch of the defendant's suppression motion was properly admitted at trial.

The defendant's claim that his conviction for robbery in the first degree is unwarranted inasmuch as the evidence adduced at trial demonstrated that the object used in the commission of the robbery was an "imitation pistol", thereby establishing the affirmative defense to the charge (Penal Law § 160.15 [4]) is unpreserved for our review. It is beyond cavil that an affirmative defense, which a defendant bears the burden of proving by a preponderance of the evidence (Penal Law § 25.00 [2]), must be raised or asserted by the defendant during the course of the trial *(see, People v Cotarelo,* 71 NY2d 941; *People v Adams,* 72 AD2d 156, 163, *affd* 53 NY2d 1, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Irby,* 61 AD2d 386, *mod on other grounds* 47 NY2d 894). The defendant's complete failure to have raised this affirmative defense at trial, and his reliance instead on a claim of innocence, precludes review of this argument.

Contrary to the defendant's claim, Officer Schoenacher did not testify that the complainant had identified the defendant during the pretrial lineup and thus, no *Trowbridge* violation can be said to have occurred *(see, People v Trowbridge,* 305 NY 471; *People v Brown,* 115 AD2d 485, *lv denied* 67 NY2d 760).

We have considered the defendant's remaining contentions, including those asserted in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.