■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT PAPA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered August 24, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. By decision and order of this court dated May 4, 1987, the

judgment was affirmed *(see, People v Papa,* 130 AD2d 520, *lv denied* 70 NY2d 652). By order of this court dated July 1, 1987, this court granted reargument of the appeal.

Ordered that, upon reargument, this court adheres to its original determination.

The defendant Vincent Papa and the codefendant Robert Eisenreich drove up to the West Islip branch of the Bank of Long Island on January 21, 1983, and, while the defendant stayed outside and monitored a borrowed police scanner, Eisenreich went inside and robbed it. A short time later, as they were fleeing the scene, a security pack which Eisenreich had inadvertently taken exploded in the car, filling it with red smoke and covering them with red dye. They both got out of the car, but Eisenreich got back in and drove off, leaving the defendant stranded. The defendant then hailed a taxicab and admitted to the taxicab driver that he had just committed a robbery. That statement, along with a statement he later gave to Detective Anton Pravetz after his arrest, was admitted into evidence at the joint trial of the defendant and his codefendant. That same detective also took a statement from Eisenreich after he turned himself in, and that statement was also admitted into evidence at the joint trial.

The defendant, upon reargument, correctly notes that it was error to admit the confession of the codefendant Eisenreich into evidence at the joint trial. The applicable rule, as articulated by the Supreme Court of the United States, is that where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at the joint trial, even if the jury is instructed not to consider it against the defendant and even if the defendant's own confession is admitted against him *(Cruz v New York,* 481 US 186, *on remand* 70 NY2d 733). Since Eisenreich did not testify at trial, his statement, which served to incriminate the defendant, was improperly admitted. Nevertheless, the defendant's own confession may be considered in assessing whether any Confrontation Clause violation was harmless *(see, Cruz v New York, supra).* Such a violation will be deemed harmless, however, only where it can be said that the error was harmless beyond a reasonable doubt, that is, where there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction *(see, People v Hamlin,* 71 NY2d 750).

As the New York Court of Appeals recently stated in *People v Hamlin (supra,* at 758): "When considering harmless error in a *Bruton* case, the court must determine on the basis of its

own reading of the record the probable impact of the codefendant's admissions on the 'minds of an average jury' and whether they were sufficiently prejudicial to defendant to require reversal of the conviction and a new trial *(see, Harrington v California,* 395 US 250, 254). In making that assessment, we consider a number of factors, including how comprehensive defendant's statement is and whether it satisfactorily explains his or her part in the crime without reference to the codefendant's statement, whether it is corroborated or contradicted by other objective evidence, and whether defendant has reiterated it on one or more subsequent occasions *(see, Schneble v Florida,* 405 US 427, 431, *supra).* If the defendant has repudiated the confession, a similar, detailed statement by a codefendant may be particularly prejudicial to the minds of a jury instructed to decide whether defendant's statement was voluntary *(see, Cruz v New York,* 481 US, at 191-192, *supra; People v Pitts,* 71 NY2d 923; *cf., Schneble v Florida, supra)."*

After considering these factors, we find there is no reasonable possibility that the jury's assessment of the defendant's guilt was affected by the statement of Eisenreich. The defendant's statements to Detective Pravetz and the taxicab driver were detailed, complete and consistent. Moreover, they were supported by a great deal of objective evidence. That evidence included the fact that the defendant's fingerprint was found on the getaway car, that shortly after the robbery the car was seen with red smoke spewing out of it, that two men were seen getting out of the car when the smoke came out and that one of them was left behind as the other drove off, that the car was later found burned and it contained the same red dye used in the security packs utilized by the bank at the time and that the defendant was picked up by Peters in the vicinity of the bank and a short time after the robbery with red blotches on his face and clothes. Moreover, as the People correctly note, in order to corroborate the details of the defendant's confession, they would have been permitted to introduce the circumstances surrounding the investigation of Eisenreich, including the tracking of Eisenreich from the burned vehicle to a nearby gas station by means of a police dog, the discovery of the ski mask that Eisenreich used in the robbery upon which hair matching that of Eisenreich was found along with red dye matching that used in the bank's security packs, the fact that Eisenreich was seen at the gas station shortly after the robbery bleeding and with red blotches on his clothes, and the testimony that Eisenreich

used the bathroom at the gas station to wash up and that the blood found in the bathroom was type AB, the same type as Eisenreich's, which is found in only 3% of the population. Furthermore, although the court submitted for the jury the issue of the voluntariness of the statement given by the defendant to the detective, the defendant did not directly challenge this statement by taking the witness stand and there is nothing in the record to suggest that the jury did not accept his statement as voluntary and reliable. Based upon the defendant's statements and the objective corroborating evidence, the proof of the defendant's guilt was overwhelming and any error in admitting Eisenreich's confession was harmless beyond a reasonable doubt. Thompson, J. P., Lawrence, Weinistein and Rubin, JJ., concur.