■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CRUZ, Appellant.—Appeals by the defendant from two judgments of the County Court, Nassau County (Boklan, J.), both rendered July 24, 1986, convicting him of murder in the second degree, attempted robbery in the first degree, manslaughter in the second degree (two counts), and petit larceny under indictment No. 60822, and murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree under indictment No. 61967, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial after a hearing of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgments are affirmed.

For a recitation of the facts in this case, see People v Barreto (143 AD2d 920 [decided herewith]).

Like his codefendants, the defendant argues that his convictions should be reversed because the admission of his codefendants' statements at their joint trial violated his Sixth Amendment (US Const 6th Amend) right to confront and cross-examine witnesses (see, Cruz v New York, 481 US 186). We initially note that this defendant failed to preserve this issue for appellate review since he never moved for a sever-

ance of his trial from that of his codefendants or objected to the admission of the statements of his codefendants into evidence *(see, People v Walker,* 71 NY2d 1018; *People v Green,* 138 AD2d 516). In any event, for the reasons stated in *People v Barreto (supra),* we find this argument to be without merit. Similar to the case of his codefendant Barreto, the defendant's own statement fully and satisfactorily explained his own part in the crime without reference to the codefendants' statements *(see, People v Hamlin,* 71 NY2d 750, 758; *People v Green, supra).* In addition, there was overwhelming independent evidence of the defendant's involvement in the crime which corroborated his statements *(see, People v West,* 72 NY2d 941; *People v Hamlin, supra,* at 759; *People v Green, supra).* Therefore, the admission of his codefendants' statements was harmless beyond a reasonable doubt *(see, People v West, supra; People v Hamlin, supra).*

The defendant further argues that the hearing court erred when it failed to suppress the statements he gave to the police. He claims that these confessions were taken in violation of his rights and were not freely and voluntarily given *(see, Miranda v Arizona,* 384 US 436). The hearing court fully credited the testimony of the People's witnesses and held that the defendant had been advised of his right to remain silent before he gave each statement which was introduced at trial. This decision is entitled to great deference *(see, People v Casiano,* 123 AD2d 712; *People v Oates,* 104 AD2d 907), and there is nothing in the record to indicate that it was erroneous. The sentence imposed was not excessive and did not constitute an improvident exercise of discretion *(see, People v Suitte,* 90 AD2d 80). We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.