■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 24, 1986, convicting him of attempted robbery in the first degree (two counts) and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; the facts have been considered and determined to have been established.

For a rendition of the facts in this case, see *People v Barreto* (143 AD2d 920 [decided herewith]).

On April 21, 1987, the United States Supreme Court, in *Cruz v New York* (481 US 186), declined to follow the plurality decision in *Parker v Randolph* (442 US 62). In *People v Barreto (supra)* and *People v Cruz* (143 AD2d 926 [decided herewith]), we have held that while the admission of the codefendants' statements into evidence at their joint trial violated their Sixth Amendment right to confront and cross-examine witnesses, in those instances the admission of the statements constituted harmless error *(see, Cruz v New York,* 481 US 186, *supra; People v West,* 72 NY2d 941; *People v Hamlin,* 71 NY2d 750). However, a review of the record and the statements given by all three defendants indicates that with regard to this defendant, reversal is required. In their own statements, Cruz and Barreto fully implicated themselves in the crime. However, their confessions also stated that the defendant took

part in the planning of the crime and agreed to receive and hide the instrumentalities and proceeds of the crime after it was completed. The defendant gave two statements to the police. In the first, he admitted that he had met his codefendants after the crime and had driven them to a motel in Queens. In the second, taken after his codefendants had confessed, he stated that "he knew" that Cruz and Barreto intended to rob the store, and that he informed them just shortly before the incident that the store would be closing and the manager would be alone. He also conceded that after the incident he had met Cruz and Barreto and, at their request, had hidden the gun used in the robbery. In the defendant's statements, however, he never conceded, as did his codefendants, that he was part of the criminal plan and intended to assist Cruz and Barreto in the commission of the robbery. It is undisputed that the defendant was not present during the actual incident. Moreover, other than his own statements, there is no strong objective evidence linking the defendant to the crime. The defendant was seen by a Foodtown employee conversing with Manuel Cruz, in the store, shortly before it closed. However, this alone is not sufficient to prove that he intended to assist his codefendants in carrying out the crime.

In sum, in the instant case, it cannot be said that the defendant's own statements fully and satisfactorily explained his part in the crime without reference to his codefendants' statements (People v Hamlin, 71 NY2d 750, 758, supra; People v DiNicolantonio, 140 AD2d 44). Moreover, the defendant's own statements were less inculpatory with regard to his part in the crime than the confessions of his codefendants (see, People v DiNicolantonio, supra). The defendant described his meeting with Cruz and Barreto after the crime as a chance encounter on the street, while the codefendants' statements indicated that it was prearranged. In addition, the defendant's trial strategy was to attack both the voluntariness and accuracy of his statements. Finally, the evidence unrelated to the defendant's statements which is probative of his part in the crime is, at best, equivocal. Under the circumstances, it cannot be said beyond a reasonable doubt that there is no reasonable possibility that the admission of his codefendants' statements did not contribute to his conviction (see, People v Hamlin, supra, at 756; People v DiNicolantonio, supra). His conviction must, therefore, be reversed and a new trial ordered.

The defendant's argument that his statements should have been suppressed lacks merit. The record fully supports the

findings of the hearing court that when the defendant made both his statements, he was not in custody *(see, People v Yukl,* 25 NY2d 585; *People v Oates,* 104 AD2d 907, 910-911; *People v Torres,* 97 AD2d 802, 804), and, therefore, the police were not required to advise him of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). The fact that his second statement was preceded by *Miranda* warnings is not proof in and of itself of a custodial interrogation *(see, People v Oates, supra,* at 910). Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.