■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HIBBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 7, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of murder based on the excited utterances of the victim which named the defendant and an unapprehended person as his killers. The record reveals that when the interrogating police officers and an Assistant District Attorney took the defendant's videotaped statement, they did not have actual knowledge that the defendant had an unrelated pending case on which he had legal counsel. Moreover, under the circumstances, we cannot ascribe constructive notice of the defendant's legal representation to the interro-

gating officers. Without actual or constructive knowledge, law enforcement officers are under no obligation to inquire whether the defendant has an attorney. Therefore, the defendant's videotaped statement was properly admitted into evidence *(see, People v Bertolo,* 65 NY2d 111, 118-119; *People v Green,* 138 AD2d 516, 518; *People v Woolard,* 124 AD2d 763, 764, *lv denied* 69 NY2d 751).

The defendant also argues that the jury verdict finding him guilty of murder in the second degree was against the weight of the evidence. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the weight of the evidence adduced at trial clearly establishes that the defendant and another, unapprehended person killed the victim. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.