■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 8, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 30, 1986, Danny Lew was shot and killed in front of 29 South Central Avenue in Valley Stream. The People's theory at trial was that someone had hired the defendant Jose Garcia to shoot Mr. Lew and that Garcia had recruited his codefendant Antonio Rivera to assist him.

Although the issue of law was not preserved for appellate review, the defendant contends that it was error to admit the confessions of his codefendant Rivera into evidence at their joint trial. We agree. Where a nontestifying codefendant's confessions incriminating the defendant are not directly admissible against the defendant, the Confrontation Clause bars their admission at their joint trial, even where the jury is instructed not to consider them against the defendant and even where the defendant's own confessions are admitted against him *(Cruz v New York, 481 US 186; People v Hamlin, 71 NY2d 750; People v Papa, 143 AD2d 230, lv denied 73 NY2d 858)*. Nevertheless, the defendant's own confessions may be considered in assessing whether any Confrontation Clause violation was harmless *(see, Cruz v New York, supra; People v Hamlin, supra; People v Papa, supra)*. Such a violation will be deemed harmless only where it can be said that the error was harmless beyond a reasonable doubt, viz., where there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction *(see, People v Hamlin, supra; People v Papa, supra)*. In this case there is no reasonable possibility that the jury's assessment of the defendant's guilt was affected by the admission in evidence of the confessions of the codefendant Rivera. The defendant's oral and written statements were detailed, complete and consistent, and they

were supported by a great deal of objective evidence. Expert testimony established that the bullets removed from Danny Lew's body had been fired from the revolver found in a dresser drawer in the defendant's apartment, that the defendant's fingerprint was found on the door of the car in which the defendant and his codefendant Rivera rode to the crime scene, and both defendants were observed loitering outside the deceased's smoke shop shortly before he was killed and were seen running away from the scene after the shots were fired. Furthermore, although the court submitted to the jury the issue of the voluntariness of the confessions, the defendant did not directly challenge his statements by taking the witness stand and there is nothing in the record to suggest that the jury did not accept his statements as voluntary and reliable. Thus, based upon the defendant's confessions and the objective corroborating evidence, the proof of defendant's guilt was overwhelming and the error in admitting his codefendant's confessions was harmless beyond a reasonable doubt. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.