■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RIVERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 8, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 30, 1986, Danny Lew was shot and killed in front of 29 South Central Avenue in Valley Stream. The People's theory at trial was that someone had hired the codefendant Jose Garcia to shoot Mr. Lew and that Garcia had recruited the defendant Antonio Rivera to assist him.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Although the issue of law was not preserved for appellate review, the defendant contends that it was error to admit the confessions of his codefendant Garcia into evidence at their joint trial. We agree. Where a nontestifying codefendant's confessions incriminating the defendant are not directly admissible against the defendant, the Confrontation Clause bars their admission at their joint trial, even where the jury is instructed not to consider them against the defendant and even where the defendant's own confessions are admitted against him (Cruz v New York, 481 US 186; People v Hamlin, 71 NY2d 750; People v Papa, 143 AD2d 230, lv denied 73 NY2d 858). Nevertheless, the defendant's own confessions may be considered in assessing whether any Confrontation Clause violation was harmless (see, Cruz v New York, supra; People v Hamlin, supra; People v Papa, supra). Such a violation will be deemed harmless only where it can be said that the error was harmless beyond a reasonable doubt, viz., where there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction (see, People v Hamlin, supra; People v Papa, supra). In this case there is no reasonable possibility that the jury's assessment of the defendant's guilt was affected by the admission in evidence of the confessions of the codefendant Garcia. The defendant's written confession was detailed, complete and internally consistent, and was supported by a great deal of objective evidence. Expert testimony established that the bullets removed from Danny Lew's

body had been fired from the revolver found in a dresser drawer in the codefendant Garcia's apartment, that Garcia's fingerprint was found on the door of the car in which the defendant and Garcia rode to the crime scene, and that both defendants were observed loitering outside the deceased's smoke shop shortly before he was killed and were seen running away from the scene after the shots were fired. Furthermore, although the court submitted to the jury the issue of the voluntariness of the confessions, the defendant did not directly challenge his statements by taking the witness stand and there is nothing in the record to suggest that the jury did not find that his statements were voluntary and reliable. Thus, based upon the defendant's confessions and the objective corroborating evidence, the proof of the defendant's guilt was overwhelming and the error in admitting his codefendant's confessions was harmless beyond a reasonable doubt.

We have examined the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.