■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT ALLEYNE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 9, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant argues that his judgment of conviction should be reversed because of the admission of his codefendants' statements at their joint trial *(see, Cruz v New York,* 481 US 186). We agree this was error by the court but find it does not require reversal. We initially note the defendant failed to preserve the issue for appellate review since he never renewed his motion to sever his trial from that of the codefendants. The defendant's initial pretrial motion to sever was denied. However, the court granted him leave to replead the motion after the suppression hearings relating to the codefendants' statements to law enforcement authorities. After that hearing and the subsequent denial of the suppression of codefendants' statements, the defendant took no steps to renew the motion nor did he object when the prosecutor sought to admit the codefendants' statements into evidence. "Orderly and fair procedure requires that the trial court be given timely and adequate opportunity to rule on and explain claims in the context of the trial and trial record which has relevance to the issue advanced" *(People v Walker,* 71 NY2d 1018, 1020). Here, the failure to renew the motion had the ultimate result of depriving both the court and the prosecution of the opportunity to respond to the motion. As such this was a "fatal procedural defect based on sound preservation principles" *(People v Walker, supra,* at 1020; *see also, People v Cruz,* 143 AD2d 926; *People v Green,* 138 AD2d 516).

In any event, we find that the error was harmless *(see,*

*People v Hamlin,* 71 NY2d 750) as there is no reasonable possibility that the jury would have acquitted the defendant had the codefendants' statements not been admitted *(see, People v West,* 72 NY2d 941; *People v Hamlin, supra).* The defendant's confession to law enforcement authorities fully explained his participation in the crime without any reference to the codefendants' statements and his confession was more expansive and internally consistent than those of his codefendants. Furthermore, the facts stated in the confession were corroborated by numerous witnesses to the crime *(see, People v Cruz, supra; People v Alvarado,* 141 AD2d 738; *People v Glover,* 139 AD2d 530; *People v Green, supra).*

We also find the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress statements made by him to the police. The issues before the hearing court rested on the credibility of the witnesses and the hearing court's determinations regarding issues of credibility should not be overturned unless they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726; *People v Duncan,* 75 AD2d 823). We find nothing in the record to indicate the hearing court's decision was erroneous.

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review paper, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). We note that the codefendants' statements erroneously allowed into evidence were not considered in this finding.

We have considered the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without merit *(see, People v Nonni,* 141 AD2d 862). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.