■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 1, 1985, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and 1 of his 3 other codefendants, Clarence Smith, were jointly tried on charges stemming from the shooting and death of Gary Gelish at Eppie's Auto Parts store in Queens on October 27, 1983. On the day following the homicide, the defendant and his codefendant Smith made "substantially identical" statements to law enforcement officials, and the Trial Judge, in reliance upon the law prevailing at the time (see, People v Cruz, 66 NY2d 61, revd 481 US 186), denied the defendant's motion for severance based on the Bruton rule (see, Bruton v United States, 391 US 123). The codefendant Smith's statements were subsequently introduced into evidence at the joint trial. Neither defendant testified.

While the Confrontation Clause bars the admission at a joint trial of a nontestifying codefendant's confession which serves to incriminate the defendant, even if the jury is given a limiting instruction, and even if the defendant's own confession is admitted against him, the defendant's own confession may nevertheless be considered on appeal in assessing whether a violation of the Confrontation Clause was harmless *(see, Cruz v New York, supra; People v Hamlin,* 71 NY2d 750; *People v Garcia,* 151 AD2d 500; *People v Williams,* 136 AD2d 581). A violation of the Confrontation Clause may be deemed harmless beyond a reasonable doubt if there is no reasonable possibility that the jury would have acquitted the defendant absent the error *(see, Cruz v New York, supra; People v Hamlin, supra).*

Applying these principles to the instant case, we conclude that there is no reasonable possibility that the defendant would have been acquitted had the codefendant Smith's statements not been admitted *(see, People v Hamlin, supra).* In this regard, we note that the defendant's videotaped confession to law enforcement officials fully explained his participation in the crime without reference to his codefendant's statements and was more detailed and expansive than the codefendant Smith's statements *(see, People v Hamlin, supra; People v Alleyne,* 154 AD2d 473; *People v Garcia, supra).* Further, the defendant's admissions were corroborated by other objective evidence *(see, People v Hamlin, supra),* including the testimony of a ballistics expert that the shot which killed the victim was fired from a 15-round, nine-millimeter gun such as the one described by the defendant in his videotaped statement. Moreover, the defendant consistently repeated his confession during three separate interviews with law enforcement officials *(see, People v Hamlin, supra)* and never repudiated the confession.

We have examined the defendant's remaining contentions, and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.