■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BELL, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The People concede that the trial court erred in admitting the nontestifying codefendant's confession into evidence during the People's case-in-chief (see, Cruz v New York, 481 US 186). However, since defendant did not contest his involvement in the underlying drug transaction, we conclude that this error was harmless with regard to his conviction of criminal possession of a controlled substance; there was no reasonable possibility that the admission of codefendant's statement contributed to his conviction (see, People v Hamlin, 71 NY2d 750, 758). The error cannot be deemed harmless with respect to defendant's conviction of criminal sale. Defendant contended at trial that he was merely acting as an agent of the buyer. Since codefendant's confession, taken in conjunction with other evidence, indicated that defendant was buying the drugs at $1,600 an ounce and selling them to the undercover police officer for $1,800 an ounce, this evidence indicated to the jury that defendant acted as a middleman and undercut his agency defense. Further, codefendant's confession provided the only evidence that the price at which defendant was obtaining the cocaine was less than $1,800 an ounce. Given these circumstances, we cannot conclude beyond a reasonable doubt that there was no reasonable possibility that the admission of codefendant's statement did not contribute to this conviction (see, People v Pitts, 71 NY2d 923, 924-925; People v Velasquez, 143 AD2d 956, 957). Defendant's conviction of criminal sale of a controlled substance in the second degree is therefore reversed without prejudice to the People to re-present any appropriate charges to another Grand Jury and that count of the indictment charging defendant with criminal sale of a controlled sub-

stance in the first degree is dismissed without prejudice. (Appeal from judgment of Monroe County Court, Marks, J.— criminal possession of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.