■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK SMITH, Appellant.—

The evidence adduced by the prosecution included testimony that the defendant had admitted under questioning by police that he had aided two individuals in connection with the robbery of a McDonald's restaurant which occurred on June 22, 1985. The defendant orally admitted, among other things, that he knew that his accomplices intended to carry out a "stick up". In a written statement, the defendant acknowledged that he was aware that his accomplices "were up to something" and that they possessed a gun. These admissions were corroborated by evidence that a police officer had observed the defendant sitting alone in his automobile, its engine idling, about one block west of the McDonald's restaurant at the approximate time of the robbery. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also argues that he was illegally stopped by the police officer who, as noted above, observed him sitting in a parked car in the vicinity of the robbery. However, as appellate counsel candidly acknowledges, the pretrial hearings held in this case "did not bring out the circumstances which led [this] officer to approach appellant who was in his car a block or so away from the crime". This is so because the defendant's trial counsel did not specifically raise any claim

that the officer's approach towards and subsequent noncustodial questioning of the defendant was in any way wrongful. Therefore, this issue is not preserved for appellate review *(see, CPL 710.60 [3] [a]; People v Martin,* 50 NY2d 1029; *People v Gomez,* 67 NY2d 843; *People v Pavesi,* 144 AD2d 392, 393-394; *People v Cordero,* 144 AD2d 478; *People v Jordan,* 122 AD2d 224).*

Were we to review this issue in the interest of justice, reversal would not be warranted. Because we may not consider the trial record in connection with suppression issues *(see, People v Gonzalez,* 55 NY2d 720, 722; *People v Smith,* 134 AD2d 382; *People v King,* 121 AD2d 471; *People v Malone,* 121 AD2d 657) there is no factual predicate upon which the defendant's present suppression argument may be based. In any event, any claim of possible taint which might have resulted from the allegedly illegal stop of the defendant by the police had clearly dissipated by the time the defendant made his admissions *(see, People v Stith,* 69 NY2d 313).

Any issue of law with respect to the defendant's argument based upon the rule announced in *Cruz v New York* (481 US 186) is not preserved for appellate review *(see, People v Fernandez,* 72 NY2d 827; *People v Cruz,* 143 AD2d 926), and review of this issue in the interest of justice is unwarranted.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.