■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN TAYLOR, Appellant. [620 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered May 11, 1992, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his fundamental right to be present at all material stages of trial was violated by his absence at a conference, held between the trial court, the People, and the defense counsel. At the conference held predominantly on the record but in the absence of the defendant (whose presence was waived by his counsel), the People advised the court that a witness for the People claimed to have been intimidated by a person acting on behalf of the defendant. The court refused to find that the acts in question amounted to intimidation and did not permit the witness to testify about them. Thus, since the outcome was wholly favorable to the defendant, it cannot be said that "there was any potential for additional meaningful input by defendant" and thus his presence would have been superfluous *(People v Smith,* 82 NY2d 254, 268).

The defendant's further contention that the evidence was

legally insufficient to establish that he intended to shoot or injure the victim is not preserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15).

The defendant's remaining contentions are either not preserved for appellate review (see, *People v Lyons,* 81 NY2d 753; *People v George,* 67 NY2d 817; *People v Mercado,* 135 AD2d 661), or without merit (see, *People v Brown,* 115 AD2d 485; *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.