**Mark NONNI, Petitioner–Appellant,**

v.

**Charles BRUNELLE, Superintendent, Wyoming Correctional Facility, Respondent–Appellee.**

No. 01–2771.

United States Court of Appeals, Second Circuit.

June 3, 2005.

Philip S. Glickman, Rochester, NY, for Appellant.

Margaret E. Mainusch, Assistant District Attorney (Denis Dillon, District Attorney of Nassau County, Tammy J. Smiley, Assistant District Attorney, on the brief), Mineola, NY, for Appellee.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Mark Nonni appeals from an order of the district court denying Nonni's petition for a writ of habeas corpus under 28 U.S.C. § 2254, which collaterally attacked Nonni's May 9, 1986, armed robbery conviction in Nassau County Court. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We previously granted a certificate of appealability solely on the issues of whether appellate counsel was ineffective for failing to raise Nonni's Confrontation Clause claim, whether the procedural bar to raising the Confrontation Clause claim in the present petition could be overcome, and if so, whether the Confrontation Clause claim had merit. *Nonni v. Brunelle,* No. 01–2771 (2d Cir. July 9, 2002).

We review the denial of a habeas petition de novo. *Sweet v. Bennett,* 353 F.3d 135, 139 (2d Cir.2003). If a claim raised in a habeas petition has been previously adjudicated on the merits by a state court, we defer to that decision unless it was an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); *Sellan v. Kuhlman,* 261 F.3d 303, 308, 311–12 (2d Cir.2001).

To prevail on an ineffective assistance of counsel claim, Nonni must show both that his counsel's performance was objectively unreasonable and resulted in actual prejudice to him. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the Appellate Division has previously disposed of this claim, and we accord deference to that

disposition. Nonetheless, we hold that the Appellate Division's rejection of this claim was an unreasonable application of clearly established federal law, and we therefore reverse.

There is no question that Nonni's trial violated the rule of *Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), which was decided after Nonni's trial but before Nonni's appeal was heard. Although the *Cruz* error was unpreserved as a result of the timing of the events at issue, the Appellate Division could have chosen to review the error in the interests of justice. N.Y.Crim. Proc. L. § 470.15; *see generally People v. Garcia,* 151 A.D.2d 500, 542 N.Y.S.2d 289, 289 (1989) (considering unpreserved *Cruz* error); *People v. Rivera,* 151 A.D.2d 515, 542 N.Y.S.2d 303, 304 (1989) (same). The fact that the Appellate Division did not so choose to review the *Cruz* claims of Nonni's codefendants on appeal is inapposite, as the codefendants were convicted only of the crimes to which they actually confessed. *People v. Smith,* 158 A.D.2d 488, 550 N.Y.S.2d 938 (1990); *People v. Alleyne,* 154 A.D.2d 473, 545 N.Y.S.2d 943 (1989). Nonni was convicted of a crime, the car robbery, to which he did not confess.

The Appellate Division cited a Supreme Court case holding that counsel need not raise every colorable argument to be effective. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellee cites various cases holding that the failure of appellate counsel to raise an unpreserved error does not rise to the level of ineffective assistance. *Giraldi v. Bartlett,* 108 F.Supp.2d 321, 335 (S.D.N.Y. 2000); *Lugo v. Kuhlmann,* 68 F.Supp.2d 347, 372–73 (S.D.N.Y.1999); *Avincola v. Stinson,* 60 F.Supp.2d 133, 148–49 (S.D.N.Y.1999). Here, however, we are

---

* The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation.

faced with an obvious trial error of constitutional dimension that could not have been preserved for the simple reason that the rule was not yet available. We hold that even under our deferential standard of review, we must conclude that the failure of appellate counsel to raise *Cruz* was objectively unreasonable.

Nonni was also prejudiced by his counsel's failure to raise *Cruz.* The Appellate Division reviews constitutional errors for harmless error, that is, for whether there is any reasonable possibility that the erroneously admitted evidence contributed to the conviction. *People v. Hamlin,* 71 N.Y.2d 750, 530 N.Y.S.2d 74, 75, 525 N.E.2d 719 (1988). With respect to the restaurant robbery, the *Cruz* error was harmless. If Nonni's codefendants' statements were eliminated from the trial, Nonni's own confession of participation in the robbery and the evidence that he was not the person driving the car would continue to incriminate him in the restaurant robbery. With respect to the car robbery, the *Cruz* error was not harmless. Indeed, absent the codefendant's statements, the evidence linking Nonni to the car robbery is, as a matter of law, insufficient as a basis for conviction. The shotgun found in Nonni's home was never positively identified as the one used in either robbery. The clothing found in Nonni's home, which was used to link him to the restaurant robbery, was entirely blue, while the car robbery victim testified that the perpetrator of that robbery wore tan pants.

Thus, applying our deferential standard of review, we find that the Appellate Division's rejection of the ineffective assistance claim as to the car robbery conviction was an unreasonable application of Supreme Court precedent. With respect to this conviction, due to this ineffective assistance and the other reasons given above, Nonni has demonstrated cause and prejudice sufficient to overcome the procedural bar to his substantive *Cruz* claim. Also for the reasons given above, Nonni's substantive *Cruz* claim is meritorious. We therefore grant Nonni's habeas petition with respect to the car-robbery conviction on the basis of the violation of his Sixth Amendment right to effective counsel and his Sixth Amendment Confrontation Clause rights as established by *Cruz.*

For the above reasons, with respect to Nonni's state conviction on the count of robbery relating to the car robbery, we **REVERSE** the judgment of the district court as to the issues specified in the certificate of appealability and **ORDER** that the conviction be vacated and expunged from Nonni's record. With respect to Nonni's remaining convictions, we **AFFIRM** the judgment of the district court.