■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. MAGEE, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered August 29, 1984, convicting him of sodomy in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of 2⅓ to 7 years' imprisonment.

Judgment affirmed.

In the instant case, the court initially granted defendant youthful offender treatment, but, after a conference at the Bench, revoked that adjudication.

The court has inherent power to correct errors made at the time of sentencing. This power " 'extends to a statement or even formal pronouncement made by a court which may create "apparent ambiguity" but "which is, plainly, the result of some inadvertence on his [the Judge's] part, and which our reason tells us is a mere mistake" ' " *(People v Wright,* 56 NY2d 613, 614, quoting from *People v Minaya,* 54 NY2d 360, 365, *cert denied* 455 US 1024, quoting *Bohlen v Metropolitan El. Ry. Co.,* 121 NY 546, 550). Here, the court could not adjudicate defendant a youthful offender and still sentence him to 2⅓ to 7 years in jail, as previously promised. CPL 720.20 and Penal Law § 60.02, when read together, provide that a youthful offender may not receive a sentence of more than four years *(see, People v David "H",* 70 AD2d 205). Therefore, it was within the court's power to correct its sentence, which was illegal as it stood, by immediately revoking the youthful offender adjudication.

It was not an abuse of the court's discretion to sentence defendant to a maximum prison term of seven years, thereby precluding the granting of youthful offender treatment. Defendant committed a particularly violent offense and there was ample evidence adduced to establish that defendant showed no remorse for his crime and remained a continued threat to the community. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.