■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SHEFFIELD, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered March 24, 1983, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, burglary in the first degree (two counts), and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Shortly after the commission of the crimes, while being interviewed by detectives, an accomplice of the defendant gave statements which implicated the defendant. The accomplice was not produced at trial and, over objection, her statements were admitted through the testimony of the detectives. The defendant contends that because he was unable to cross-examine the accomplice, he was denied his constitutional right to confrontation.

In spite of the fact that the court instructed the jury that the statements were not being offered for their truth, but merely as proof that they had been made, the statements were improperly admitted *(see, People v Geoghegan, 51 NY2d 45, 49;*

*People v Maerling,* 46 NY2d 289; *cf. People v Settles,* 46 NY2d 154).

However, abundant evidence, independent of the accomplice's statements, overwhelmingly established the guilt of the defendant. Because there is no reasonable possibility that the error might have contributed to the defendant's conviction, it was harmless beyond a reasonable doubt. Accordingly, reversal is not warranted *(see, People v Crimmins,* 36 NY2d 230, 237).

Moreover, the defendant did not make a factual showing sufficient to establish a prima facie case of systematic discrimination by the prosecutor's office in the selection of petit juries over a period of time *(see, People v McCray,* 57 NY2d 542, *cert denied* 461 US 961; *People v Charles,* 61 NY2d 321, 329).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.