■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JAMISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 4, 1984, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that his guilt was not proven beyond a reasonable doubt. The infant complainant's trial testimony sufficiently described all of the essential elements of the offense for which the defendant was convicted. While there were some inconsistencies between the complainant's trial testimony and her testimony at prior proceedings, these discrepancies did not render her account of the crime incredible as a matter of law. Moreover, the jury was made fully aware of these inconsistencies, and in light of its role as the arbiter of credibility (see, People v Bauer, 113 AD2d 543), we discern no basis for disturbing its verdict. Additionally, we note that the People adduced medical evidence which tended to corroborate the complainant's trial testimony. Viewing this evidence in the light most favorable to the prosecution (see, e.g., People v Malizia, 62 NY2d 755, cert denied 469 US 932), we conclude that there was sufficient proof from which any rational trier of fact could find the defendant guilty of rape in the first degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620).

Similarly unavailing is the defendant's contention that the sentence which he received is unduly harsh and excessive. The record reveals that the sentencing court was aware of all of the salient factors, including the defendant's past criminal record and the serious nature of the instant offense, and we find the sentence imposed to be well within the parameters of both the court's sound discretion and the applicable statute (see generally, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

The defendant's remaining contention has not been preserved for appellate review as a matter of law, nor do we find such review in the interest of justice warranted by the circum-

stances of this case. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.