■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WISE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 5, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's statement to a police detective was redacted to eliminate any reference to the codefendant at their joint trial. The defendant contends that this redaction was prejudicial and therefore the Trial Judge should have granted a severance. The defendant's contention with respect to a severance is not preserved for appellate review *(see, People v McGee,* 68 NY2d 328). In any event, we note that the defendant was not prejudiced by the redaction since it merely changed "they" to "I", and the Trial Judge did not limit the defense counsel in his cross-examination of the detective regarding inconsistencies in his previous testimony about the statement. Furthermore, the Trial Judge did not err in instructing the jury that the statement was binding only as to the defendant *(see,* 1 CJI[NY] 11.00; *cf., People v Salko,* 47 NY2d 230, 237, *motion to amend remittitur granted* 47 NY2d 1010, *rearg denied* 47 NY2d 1010, 1012).

The Trial Judge's charge on accomplice liability was not

erroneous since it informed the jury that the defendant had to act with the mental culpability required for commission of the crimes charged. The Trial Judge instructed the jury that the People were required to prove the element of intent with respect to each of the crimes (see, e.g., *People v Newton,* 120 AD2d 751, *lv denied* 68 NY2d 759; *People v Compitiello,* 118 AD2d 720, *lv denied* 67 NY2d 941; Penal Law § 20.00). Finally, the example used by the Trial Judge in his instructions to illustrate that mere presence is insufficient to establish accessorial liability was not prejudicial to the defendant. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.