■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME MARCUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 14, 1984, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The robbery in this case was committed by five men, four of whom were arrested. Three of those arrested—the defendant, Alonzo Brown and Ivan Paris—were tried together. After his arrest, Paris made a statement to the police implicating himself and Brown. The trial court, over the defendant's objection, redacted those portions of Paris's statement naming the codefendant Brown and replaced his name with the words "another male". Paris did not testify. The defendant contends that the holding of *Bruton v United States* (391 US 123) prohibited the introduction of Paris's redacted statement in that the jury could have inferred that the defendant was the "other male".

We find that the introduction of the redacted statement does not warrant reversal. It was not facially incriminating, and proper limiting instructions were given to the jury concerning the use of the codefendant's statement as evidence against the other defendants *(Richardson v Marsh,* 481 US —, 107 S Ct 1702). Moreover, in this case, the phrase "another male" did not necessarily refer to the defendant. Even assuming that the jury disregarded the court's instructions, they could have interpreted that phrase as referring to the codefendant Brown or to the unapprehended fifth robber. Nothing in the redacted statement pointed to the defendant rather than the others. Indeed, Paris's statement was so filled with confusing references to "another male," "two other males" and "two guys with guns" that it would have been difficult for the jury to make a connection between these phrases and any of the defendants. Thus, under the circumstances of this case and in light of the court's clear and unequivocal instructions, it is unlikely that the jury would have inferred that the phrase "another man" implicated the defendant. Accordingly, the defendant was not deprived of his right to confront and cross-examine a witness against him *(see, Richardson v Marsh, supra,* at —, at 1709; *see also, People v Wise,* 135 AD2d 593 [no prejudice resulted from the redaction of the defendant's statement changing "they" to "I"]).

Furthermore, assuming that the redacted statement should

not have been admitted, the error was harmless beyond a reasonable doubt *(see, People v Hendrix,* 44 NY2d 658; *People v Macy,* 92 AD2d 553, 554). The robbery victim, who had ample opportunity to view his assailants under good viewing conditions, identified the defendant as one of the robbers. The defendant was also fully implicated in this crime by the testimony of the coperpetrator, Payne. Much of Payne's testimony was corroborated by the testimony of another eyewitness and of the victim's brother who pursued some of the perpetrators after the crime. Because there is no reasonable possibility that the alleged error contributed to the defendant's conviction, it was harmless and reversal is not warranted *(see, People v Pelow,* 24 NY2d 161, 167; *People v Sheffield,* 118 AD2d 882, 883, *lv denied* 68 NY2d 773).

Finally, because the statement was properly admitted into evidence, the prosecutor's comments on summation referring to the statement were proper. The prosecutor's comments did not have the effect of undermining the limiting instructions given to the jury *(cf., Richardson v Marsh, supra,* at —, at 1709).

We have reviewed the defendant's remaining claims, including those raised in his *pro se* supplemental brief, and find them to be without merit. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.