■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LARMOND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Callabretta, J.), rendered April 30, 1986, convicting him of rape in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant Charlton MacIntosh were jointly tried on charges involving the rape of a 14-year-old girl who was a neighbor of MacIntosh. According to the complainant, on the night of the incident MacIntosh knocked on her apartment door and told her that his sister, Karen, who was a friend of hers, wanted to borrow a pair of scissors. As she left her apartment to go across the hall to the MacIn-

tosh apartment, she saw MacIntosh and the defendant standing by the elevator. When she reached the apartment, a boy named Miguel answered the door and told her to go into Karen's room. While the complainant was talking to Miguel, MacIntosh and the defendant entered and refused to allow her to leave the room. Then, according to the complainant, the defendant grabbed her wrists from behind and pulled her down on a bed on top of him, face up, and held her while MacIntosh got on top of her and raped her.

During the trial, the People introduced into evidence a statement made by MacIntosh to a Detective Mahr of the Queens Sex Crimes Unit in which he admitted his presence in the apartment on the night of the incident but claimed that when he and the defendant entered the bedroom, they saw the complainant engaging in an oral sex act with Miguel and that he and the defendant only touched the complainant's breasts. The defendant's counsel objected on the ground that the notice he had received from the People concerning this statement had indicated that only MacIntosh had touched the complainant's breasts, not the defendant, and argued that had he known that the statement implicated his client, he would have sought a severance. The trial court found that the testimony as to the statement was substantially the same as that contained in the notice of statement. Detective Mahr then testified to a similar statement which the defendant made to him in which he also admitted his presence in the bedroom on the night of the incident, but claimed that he only touched the complainant's hand.

The defendant contends on appeal that he was deprived of a fair trial and his right of confrontation by virtue of the admission of the pretrial statement of his nontestifying codefendant. We agree that it was error to permit the introduction of MacIntosh's statement in this case since it directly implicated the defendant by placing him in the room at the time of the rape and attributed sexually abusive behavior to him (Bruton v United States, 391 US 123). Moreover, MacIntosh's statement which was testified to by Detective Mahr at trial differed significantly from that which was contained in the People's CPL 710.30 statement and that which was testified to at the suppression hearing. The prior versions of the statement, while indicating that both MacIntosh and the defendant were present in the room, did not attribute any sexual touching of the complainant to the defendant. The statement introduced at trial, on the other hand, while not admitting commission of a rape, inculpated both MacIntosh and the defendant

in sexually abusive behavior. Thus, it cannot be said that defendant had notice of the People's intent to introduce the inculpatory statement before trial and that he waived any *Bruton* problem by not seeking a separate trial. Nor can the admission of MacIntosh's statement be justified on the basis that the defendant's own statement placed him in the room at the time of the crime and admitted a touching—although not a sexual touching—of the complainant. Even though a code-fendant's statement duplicates or interlocks with a defen-dant's own statement, it remains error to permit it to be introduced into evidence at a joint trial without redaction of the inculpatory matter *(Cruz v New York,* 481 US 186, 107 S Ct 1714). Since, as to the defendant, this statement was hearsay, and we find no hearsay exception which would per-mit its introduction into evidence against him *(see, People v Brensic,* 70 NY2d 9, *mot to amend remittitur granted* 70 NY2d 722), it was error to admit it into evidence.

However, under the circumstances of this case, we find that the erroneous admission of the statement was harmless be-yond a reasonable doubt *(People v Crimmins,* 36 NY2d 230; *People v Falu,* 138 AD2d 510; *People v McCain,* 134 AD2d 287). There was testimony by a number of witnesses which placed the defendant in the apartment at the time of the crime and to the extent that the statement indicated that defendant had touched the complainant's breasts, even her own testimony did not charge him with such conduct. There-fore, we find that any prejudice in the admission of the statement was de minimis and its exclusion would not have altered the outcome of the case.

The defendant's further contention that the investigating officers' testimony concerning their conversations with the complainant on the evening of the rape improperly bolstered her credibility has not been preserved for our review as a matter of law (CPL 470.05 [2]). In any event, evidence of the victim's recent complaint of rape was admissible for the purpose of demonstrating that she had made a complaint at the first available opportunity *(People v O'Sullivan,* 104 NY 481; *People v Gomez,* 112 AD2d 445, *lv denied* 66 NY2d 919). While to the extent that the officers testified as to details of the rape such evidence should have been excluded *(People v Ranum,* 122 AD2d 959), reversal in the interest of justice is not warranted since any error in this respect was harmless *(People v Gomez, supra).*

Finally, the revocation of the defendant's youthful offender adjudication was within the sentencing court's power to cor-

rect its error in improperly imposing a sentence of 2 to 6 years' imprisonment for rape in the first degree, after having so adjudicated the defendant *(People v Magee,* 116 AD2d 742). Nor did the sentence imposed constitute an abuse of discretion *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.