■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered November 8, 1985, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, criminal mischief in the fourth degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal arises out of events that occurred at 2:30 A.M. at a Roy Rogers restaurant in Queens. Two of the defendant's friends used a car jack to smash the restaurant's glass door, entered the restaurant with a shotgun, shot the manager, and were apprehended as they were leaving the premises. The defendant asserts that due to his intoxication, he slept in his vehicle while the crimes were being committed by his friends, and that he had no idea either of their plans or of the events that transpired in the restaurant. In sum, he urges that the proof was legally insufficient to find that he acted with the requisite mental culpability or that he intended to aid his friends in the commission of these crimes *(see,* Penal Law §§ 20.00, 20.15).

Intent may be implied from the act itself, or from the defendant's conduct and surrounding circumstances *(see, People v Bracey,* 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010; *People v Drees,* 53 AD2d 735, 737). Knowledge, like intent, may be implied based on all of the surrounding circumstances *(see, e.g., People v Dordal,* 55 NY2d 954, 956, *rearg dismissed* 61 NY2d 759). Whether a defendant is too intoxicated to form intent is essentially a jury question *(see, People v DeAngelo,* 129 AD2d 807; *People v Scott,* 111 AD2d 45, 46). Similarly, any discrepancies or inconsistencies in testimony present issues of credibility primarily for the jury to resolve *(see, People v Jamison,* 127 AD2d 793, *lv denied* 69 NY2d 1005; *People v Curtin,* 115 AD2d 753, 754, *lv denied* 67 NY2d 760).

At trial the defendant admitted that he drove his friends to a house where one friend entered and returned with a bag. He further stated that he was unaware that a shotgun had been placed in his car by this friend or that a .22 caliber pistol was in the bag. By his own admission, he could remember all events that took place that evening, but selectively could not remember conversations in the car, or statements made by him at the police station. In great detail he related the problems he had with the car's muffler that day and the measures he took to manually repair it, even though he asserted he was so inebriated he was unaware of what day it was. His testimony at trial conflicted with prior statements he made to the police with regard to the time he arrived at the restaurant, which statements created a lapse of more than a 2½ hours of time for which he was unable to account.

One employee testified to hearing the sound of a muffler or a loud noise prior to the smashing of the glass, which would have been at 2:30 A.M. A police officer, and an employee who managed to escape and call for assistance, saw a head bobbing around in the car at different times, and both indicated that the car was right next to the restaurant's door. The defendant testified that he parked the car 30 to 40 feet away from the door, and that perhaps one of his friends moved it next to the door as he slept.

The defendant further testified that the car jack, shotgun, and knife were removed from the car while he slept, and the restaurant's glass door was thereafter smashed with the car jack but this was inaudible to the defendant. The defendant admitted that when the police arrived, he backed his car up to get out of the way, which according to a police lieutenant at the scene was done at a high rate of speed with the sound of the car's exhaust detectable.

Contrary to the defendant's assertions, the facts reveal more than mere presence at the scene, and provide a sufficient basis for the jury's verdict since the conclusion of guilt is consistent with, and flows naturally from them (see, People v Kennedy, 47 NY2d 196, 202, rearg dismissed 48 NY2d 635, 656; People v Vega, 126 AD2d 686, 687, lv denied 69 NY2d 887). Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish that the defendant acted in concert with, and intentionally aided his companions with the requisite mental state (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim of ineffective assistance of counsel is equally devoid of merit. Counsel did not ignore any exculpatory theory of defense or fail to introduce any exculpatory evidence or testimony *(see, People v Benn,* 68 NY2d 941, 942; *People v Jenkins,* 68 NY2d 896, 898). The defendant's contentions relate more to his disagreement with failed defense strategies and tactics *(see, People v Benn, supra; People v Satterfield,* 66 NY2d 796, 799-800; *People v Baldi,* 54 NY2d 137, 146-147).

No objections were made to the prosecutor's statements during summation and these claims are therefore unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818, 819). In any event, the prosecutor's statements on summation stayed within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109), and assuming that any of the statements went beyond the bounds of propriety, any possible prejudice which might have resulted was harmless error and was dissipated in large measure by the court's instructions to the jury not to speculate and not to consider counsel's statements as evidence *(see, People v Lebron,* 114 AD2d 859, 860).

The court accurately charged the jury, and the omission in failing to reiterate the effect of intoxication on the crimes involving criminal possession of a weapon was ameliorated by the court's general charge on intoxication and the fact that the jury clearly discounted evidence of intoxication with respect to all other counts. As a result, we find any error to be harmless *(see, People v Crimmins,* 36 NY2d 230).

We decline to reduce the sentence in the interest of justice. We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.