■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BRISTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 17, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The defendant and his codefendant James Martin *(see,*

*People v Martin,* 149 AD2d 534 [decided herewith]) were jointly tried on charges involving the knifepoint robbery of the complainant. The complainant was robbed in a park by two men who held a knife to his throat. The complainant flagged down a patrol car a short time later and canvassed the area to search for his assailants. A few blocks away, the complainant pointed out to the officers two men who he identified as having robbed him. As the patrol car pulled up, the codefendant ran down the street while the defendant ran into a nearby building. The officers pursued the defendant into the building and arrested him on the first-floor landing. The complainant followed the officers inside and identified the defendant, the knife used during the commission of the robbery and the radio which he claimed that the defendant had taken from him. As the officers placed the defendant in the rear of the only patrol car at the scene along with the complainant, the defendant told the complainant that he would get his property back if he agreed to drop the charges. The defendant repeated this statement after the officers entered the vehicle.

During the evening following the robbery, the codefendant approached Carol Annunziata, the sister of the complainant's girlfriend, and told her that he would not have robbed the complainant if he had known he was her sister's friend. He also told her that the complainant's property would be returned to him if he did not press charges against "his man Ray". The complainant and Annunziata both testified that a week later, they were riding together in a car when they saw the codefendant walking along the street. The codefendant approached their car and told the complainant that he would give him $250 if he did not press charges against Ray.

The defendant maintains that the admission of the nontestifying codefendant's statements as testified to by the complainant and Annunziata violated his rights under the Confrontation Clause *(Cruz v New York,* 481 US 186, *on remand* 70 NY2d 733; *Bruton v United States,* 391 US 123). We note initially that contrary to the People's assertion, the issue was preserved for appellate review since defense counsel moved for a severance at the first available opportunity, after the trial testimony of Annunziata *(cf., People v Walker,* 71 NY2d 1018, *rearg denied* 72 NY2d 953; *People v Russell,* 71 NY2d 1016; *People v Green,* 138 AD2d 516, *lv denied* 72 NY2d 860). The complainant's testimony at the hearing, in which he stated that the codefendant had offered to return his property if he dropped the charges, differed substantially from his testimony

at the trial where he added that the codefendant had requested that charges be dropped against "Ray". It cannot be said that the defendant had notice of the People's intent to introduce these statements of the codefendant before trial or that he waived any *Bruton* problem by not seeking a separate trial prior to the commencement of the trial *(People v Larmond,* 139 AD2d 668).

We also reject the People's contention that the codefendant's statements did not incriminate the defendant and that their admission at the trial did not violate the defendant's right to confrontation. Moreover, the court's limiting instructions were insufficient to cure the Confrontation Clause violations *(see, Cruz v New York, supra; Richardson v Marsh,* 481 US 200; *Bruton v United States, supra).*

However, although the nontestifying codefendant's statements were improperly admitted into evidence at the trial, under the circumstances of this case, including the overwhelming proof of guilt, we conclude that the erroneous admission of the statements was harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230; *People v Larmond, supra).* After providing the officers with a detailed description of his assailants, the complainant identified the defendant from a crowd of people a short distance away from the crime scene. When the defendant fled, the officers followed him into the building where he was found in possession of the knife he had used during the commission of the robbery and the complainant's radio. The defendant then made the inculpatory statement to the complainant in the patrol car. We find that even if the statements of the codefendant had not been introduced at the trial, the jury undoubtedly would have reached the same result *(People v Mistretta,* 147 AD2d 661; *People v Vargas,* 143 AD2d 699; *People v Larmond, supra; People v Williams,* 136 AD2d 581; *People v Reed,* 136 AD2d 577).

We further find that the Supreme Court properly determined that the statements made by the defendant to the complainant in the patrol car were spontaneously made. The statements were not the result of any words or acts of the officers which the officers should have known were reasonably likely to elicit an incriminating response *(People v Lynes,* 49 NY2d 286; *People v Maerling,* 46 NY2d 289; *cf., People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007).

Finally, the defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.