■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant.—

An essential element of assault in the third degree is the causing of physical injury to another person. (Penal Law § 120.00.) Physical injury is defined as "impairment of physical condition or substantial pain." (Penal Law § 10.00 [9].) With respect to physical injury, this court has stated, "[T]he legal authority is clear that 'there is an objective level * * *

below which the question is one of law' ". *(People v Oquendo,* 134 AD2d 203, *lv denied* 70 NY2d 959, quoting *Matter of Philip A.,* 49 NY2d 198, 200.) Substantial pain requires evidence of more than " 'pretty slaps, shoves, kicks and the like' ". *(Matter of Philip A., supra,* at 200.) Here, the complaining witness, 15-year-old Venus Carrion, testified that defendant punched her three times in the leg after she had kicked him in the groin in resisting his attempts to have sex with her. The complainant testified that the blows hurt "[a] lot". Aside from a photograph of the bruises from the blows, received and seen by the jury, there was no evidence whatsoever of the blows' aftereffects. We have examined the photograph depicting the bruises and the record, and while the complainant may have undoubtedly experienced some pain at the time of the assault, we do not believe that she experienced "substantial pain" sufficient to support a conviction of assault. *(See, People v Oquendo,* 134 AD2d 203, *supra.)* Thus, we modify to reverse as to the assault conviction and dismiss the underlying charge.

The victim's initial outcry, made to her summer-job supervisor, Linda Coursey, five hours after the incident was, contrary to defendant's argument, properly received in evidence. The delay was explained by the trauma of the incident and defendant's threats, which included pointing a gun at the victim and warning her that she would be hurt if she told anyone about what had happened. And, while the court should have limited Ms. Coursey's testimony as to what was told her about the incident, any error in this regard is unpreserved since defendant limited his objection to the five-hour delay. (CPL 470.05 [2]; *People v Larmond,* 139 AD2d 668, 670, *lv denied* 72 NY2d 862.) In any event, Ms. Coursey's testimony was cumulative and the court gave a proper limiting instruction. In light of the overwhelming proof of guilt, any error in permitting Ms. Coursey to testify to the details of the incident was harmless. *(See, People v Larmond,* 139 AD2d 668, 670, *supra.)*

We have examined defendant's other contentions and find that they are without merit. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.