■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered June 8, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was jointly tried with his codefendant Martin White and convicted after a jury trial of murder and criminal possession of a weapon in connection with the fatal shooting of his sister's boyfriend Richard Matias. The circumstantial evidence submitted by the People at the joint trial is set forth in our decision on the appeal of the codefendant White *(see, People v White,* 162 AD2d 646 [decided herewith]). Viewing that evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant either shot Matias or shared a "community of purpose" with his codefendant to do so *(see, People v Allah,* 71 NY2d 830; *People v Whatley,* 69 NY2d 784; *People v Herring,* 149 AD2d 731, 734). The inference of the defendant's guilt is consistent with, and flows naturally and logically from the facts proved *(see, People v Kennedy,* 47 NY2d 196, 202, *rearg dismissed* 48 NY2d 635, 656; *People v Benzinger,* 36 NY2d 29, 32).

The defendant challenges as improper the admission of the nontestifying codefendant's statements as testified to by a third party. As a threshold matter, we note that contrary to the People's contention, the issue was properly preserved for appellate review by defense counsel's pretrial severance motion and his objections both prior to and during the trial to the admission of the codefendant's statements *(see, People v Brister,* 149 AD2d 520; *People v Ayala,* 142 AD2d 147, 166). The codefendant's statement was redacted to avoid any references to the defendant and, thus, was not facially incriminating *(see, Richardson v Marsh,* 481 US 200; *People v Kern,* 149 AD2d 187, 238, *affd* 75 NY2d 638). The statement could be deemed to be incriminating only when linked with evidence introduced at a later stage of the trial. The United States Supreme Court recognized in *Richardson v Marsh (supra)* that the necessity of such linkage minimized the probability that the jury would be unable to disregard incriminating inferences thereby overcoming the concern expressed by the *Bru-*

*ton* court *(Bruton v United States,* 391 US 123). In addition, on two occasions during the trial the trial court gave proper limiting instructions to the jury concerning the use of the codefendant's statement *(see, Richardson v Marsh, supra; People v Kern, supra; People v Marcus,* 137 AD2d 723). Accordingly, the admission of the redacted statement does not warrant reversal.

Furthermore, assuming that the redacted statement should not have been admitted, the error was harmless beyond a reasonable doubt in view of the overwhelming independent evidence of the defendant's guilt *(see, People v Hamlin,* 71 NY2d 750; *People v Brister, supra).* The defendant was fully implicated in the crime by the testimony of his sister concerning his altercation with the decedent as well as by the testimony of other witnesses to the events leading to the shooting. Therefore, even if the codefendant's statement had not been introduced at trial, we find that there is no reasonable possibility that the jury would have reached a different result *(see, People v Crimmins,* 36 NY2d 230, 237; *see also, People v Brister, supra; People v Marcus, supra).*

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review as a matter of law or without merit. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.