■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered June 14, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following a jury trial, the defendant and his codefendant Van Johnson *(see, People v Johnson,* 162 AD2d 620 [decided

herewith]) were convicted of murder and criminal possession of a weapon in connection with the shooting death of Richard Matias on the evening of July 24, 1986. Matias was the boyfriend of Johnson's sister Shaundre. The defendant and Johnson were jointly tried on a theory of accessorial liability with the identity of the person who actually fired the fatal shots unknown. On this appeal, the defendant argues that the evidence adduced at trial was legally insufficient to establish his guilt either as the actual shooter or as an accessory to the shooting.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Specifically, the evidence showed that the defendant acted in concert with Johnson in causing Matias' death. The circumstantial evidence submitted at the trial revealed that on the evening in question the defendant and Johnson went to Matias' home located on Springfield Boulevard near 197th Street in Queens County. Matias and Shaundre went outside in response to a knock at the door and they found the defendant and Johnson standing near the gate. Johnson and Matias argued over Matias allegedly having yelled at Johnson's son earlier in the day. The group, including the defendant, proceeded to walk down Springfield Boulevard toward 197th Street with Johnson and Matias "shadow-boxing" along the way. These events were witnessed by a neighbor of Matias and a fireman responding to an alarm. Shaundre returned to Matias' home leaving the defendant, Johnson and Matias on the street. The neighbor observed Shaundre leave and, thereafter, saw the defendant open the door of a parked car, reach in and then continue down the street and around the corner onto 197th Street in the direction that Johnson and Matias had previously gone. Moments later she heard a "firecracker" sound after which she saw Johnson and the defendant run around the corner, jump into a car and speed off. Matias was found lying in the middle of 197th Street bleeding profusely from a head wound. Matias ultimately died from the gunshot wound to his head.

Contrary to the defendant's contention, the inference of his guilt is consistent with, and flows naturally and logically from the facts proved (see, People v Kennedy, 47 NY2d 196, 202, rearg dismissed 48 NY2d 635, 656; People v Benzinger, 36 NY2d 29, 32). The proof was sufficient for the jury to infer that it was equally the purpose of both the defendant and Johnson to cause Matias' death and that the defendant there-

fore possessed the requisite mental culpability for commission of each offense for which he stands convicted *(see, People v Allah,* 71 NY2d 830; *People v Ramos,* 130 AD2d 688). The People were not obligated to prove that the defendant fired the fatal shot *(see, e.g., People v Brathwaite,* 63 NY2d 839). Rather, the jury could properly conclude from the defendant's conduct and the surrounding circumstances that the defendant was guilty of the crimes charged either as a principal or as an accessory.

We also find that the defendant's sentence was not excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Eiber and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALSTON WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 6, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.