■ The People of the State of New York, Respondent, v Jose R. Ramos and Ramon Vaquero, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the County Court, Westchester County (West, J.), both rendered September 3, 1985, convicting them of murder in the second degree (two counts), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Both of the defendants contend that the evidence failed to establish their intention to commit or aid in the commission of the crimes of which they were convicted. It is well settled that in order to hold an accessory criminally liable for acts committed by a principal actor, the People must prove beyond a reasonable doubt that the accessory possessed the mental culpability necessary to commit the crime charged and in furtherance thereof solicited, requested, commanded, importuned or intentionally aided the principal (Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v McClary,* 138 AD2d 413).

In the instant case, there was evidence that the defendant Ramon Vaquero carried a machine gun throughout the incident. At one point, he stood at the entrance of the living room of the apartment where two young women were methodically killed, and pointed his gun at the people in the living room, including Peter Vidal, Jr., who was forced to partake in the

killings. He also told Mr. Vidal that if he had not arrived at the apartment, they would have killed his father, Peter Vidal, Sr. Furthermore, after the young women were killed, Vaquero asked his codefendant, Antonio Delasmatas-Bujosa where they were going to take the bodies, and he drove his codefendants to the site where the bodies were dumped.

With respect to the defendant Jose R. Ramos, the evidence established that he carried a .45 caliber gun throughout the incident. After his codefendant Delasmatas-Bujosa made known his intention to kill the young women, Ramos said to him, "[i]t's getting late, let's see if you're finished with this". Furthermore, after the young women were killed and placed into garbage bags, Ramos lifted the bags into the trunk of a car which was driven to Westchester, and subsequently threw the bags onto the side of the road.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that both defendants acted in concert with, and intentionally aided, Delasmatas-Bujosa in causing the deaths of the two women. The facts provide a sufficient basis for the jury's verdicts since the conclusions of guilt were consistent with and flowed naturally from them *(see, People v Kennedy,* 47 NY2d 196; *People v Herring,* 149 AD2d 731). The circumstances of this case supported the jury's conclusion that each of the appealing defendants shared a " 'community of purpose' with his companion[s]" *(People v Allah,* 71 NY2d 830, 832; *People v Turner,* 141 AD2d 878). Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendants both assert that the court erred by failing to give the accomplice corroboration charge to the jury with respect to the testimony of the Vidals. However, the record demonstrates that neither of the defendants requested such a charge. Indeed, they specifically requested that the charge not be given and they failed to object to the charge as given. As such, the defendants have not preserved this issue for appellate review *(see, People v Lipton,* 54 NY2d 340, 351; CPL 470.05 [2]), and we decline to review the matter in the exercise of our interest of justice jurisdiction *(see, People v Leon,* 121 AD2d 1, 6).

We further find that the trial court did not improvidently exercise its discretion when it allowed the prosecution to introduce into evidence photographs of the victims taken after the discovery of their bodies. The photographs were probative

of material issues involving the incident, tended to corroborate evidence offered at trial and were not excessively inflammatory or prejudicial *(see, People v Pobliner,* 32 NY2d 356, 359, *cert denied* 416 US 905; *People v Medina,* 120 AD2d 749).

The defendants' remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal *(see, People Hamlin,* 71 NY2d 750; *People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137; *People v Moore,* 46 NY2d 1; *People v Glass,* 43 NY2d 283; *People v Johnson,* 145 AD2d 572). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.