■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE HOLLAND, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered October 20, 1988, convicting defendant after a jury trial of assault in the first degree, for which he was sentenced to 5 to 15 years, unanimously affirmed.

Defendant, claiming that his sister had been killed, and that his mother needed help with, and money for, funeral arrangements, sought out the victim, a long time acquaintance. Subsequently, he stabbed her repeatedly, stole cash, allegedly raped

her, and left her bound and gagged. Evidence also was adduced that defendant attempted to get her infant son to play with her wounds, threatened to kill the son, and that the son disappeared from the apartment at around the same time as defendant. Evidence also was adduced that the infant was found near the location both of defendant's mother's apartment, as well as the New York Foundling Hospital. The responding police officer, as well as the investigating detective, testified that the victim, immediately upon their response, identified defendant as the perpetrator, and provided a narrative of the crime. The neighbor from whom the victim managed to seek help, also testified that the victim had denied that her husband was a perpetrator. Since defendant never objected either on hearsay grounds, or on bolstering grounds, with respect to what are purported to be prior consistent statements of the victim, no claim is preserved for review as a matter of law. There is no reason to review in the interest of justice. The victim's statements are properly admissible as evidence of a timely complaint (see, People v Rice, 75 NY2d 929, 931). Her statements to responding police (see, People v Larmond, 139 AD2d 668, lv denied 72 NY2d 862), to the neighbor (see, People v Gonzalez, 131 AD2d 873, lv denied 70 NY2d 800) as well as to the detective at the hospital (see, People v Gomez, 112 AD2d 445, 446, lv denied 66 NY2d 919) all are admissible on this theory. Further, statements made while she was partially bound and gagged, would be admissible as excited utterances (see generally, People v Edwards, 47 NY2d 493) either at the scene, or at the hospital (see, People v Brown, 70 NY2d 513, 522). Finally, since the perpetrator's identity was not an issue, no violation of People v Trowbridge (305 NY 471, 477) would have occurred.

Evidence concerning defendant's conduct with respect to the baby was inextricably interwoven with the crime charged (see, People v Vails, 43 NY2d 364), and completed the narrative of the crime (see, People v Montanez, 41 NY2d 53). Since the potential for undue prejudice did not outweigh the probative value of the evidence (see generally, People v Ventimiglia, 52 NY2d 350), defendant was not deprived of a fair trial. Defendant never sought limiting instructions, and his appellate contention that the court improperly failed to provide such instructions is unpreserved (see, People v Whalen, 59 NY2d 273).

Contrary to defendant's appellate stance, no evidence was adduced concerning defendant's pre-arrest silence. Rather, defendant knew or should have known that he was being

sought by police *(see, People v Gaines,* 158 AD2d 540). Evidence of defendant's failure to respond to police was properly admissible as evidence of defendant's consciousness of guilt. Since summation comments were based on a reasonable inference from this evidence, defendant was not deprived of a fair trial. *(See, People v Cotto,* 159 AD2d 385, *lv denied* 76 NY2d 786.)* However, since defendant failed to register an appropriate objection either to summation, or to the court's failure to *sua sponte* provide a limiting instruction as to evidence of thought, his claim is unpreserved, and there is no basis to review in the interest of justice.

Finally, the fact that defendant was acquitted of most of the charges against him undermines any claim that he suffered any undue prejudice. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.