■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET JOHNSTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 27, 1989, convicting her of robbery in the first degree, robbery in the third degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court deprived her of a fair trial by coercing her codefendant, Jerome Smalls, to testify against her under the threat that he would be resentenced to a longer term of imprisonment. She argues that the court, by this action, violated its duty of impartiality. We disagree. The defendant has no standing to complain of the trial court's interactions with her codefendant except so far as her own right to a fair trial might have been implicated. We note that "[t]here is nothing unfair about requiring a defendant to testify against another, at least where * * * the other is already under indictment for the same crimes" *(People v Grant,* 99 AD2d 536). In any event, the defendant has failed to demonstrate prejudice to her as a result of any alleged bias on the part of the court. Because none of the conduct of which the defendant complains took place before the jury, she cannot now argue that the court had become an irrelevant subject of the jury's focus *(see, People v De Jesus,* 42 NY2d 519, 523), had made manifest to the jury its opinions as to the witnesses' credibility, or the guilt or innocence of the defendant *(see, People v Russo,* 46 AD2d 904, *affd* 41 NY2d 1091), or that the jury was generally prevented from arriving at an impartial verdict on the evidence *(see, People v Moulton,* 43 NY2d 944). Moreover, in summation, the defendant's counsel quoted extensively from the codefendant Smalls' testimony wherein he claimed sole responsibility for the crimes and admitted to coercing the defendant into driving the car. The prosecution, on the other hand, was required to establish the defendant's criminal conduct. Thus, on this record, the defen-

dant was not denied a fair trial by the court's treatment of Jerome Smalls.

The defendant further claims that the evidence is not legally sufficient to establish the offense charged or any lesser included offense because no rational juror could have concluded that the defendant was aware of, or in a way ratified or consented to her codefendant's use of force, much less to the use of a weapon in her codefendant's commission of a robbery. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's assertions, the facts reveal more than mere presence at the scene and provide a sufficient basis for the jury's verdict since the conclusion of guilt is consistent with, and flows naturally from them *(People v Kennedy,* 47 NY2d 196, 202; *People v Ramos,* 166 AD2d 468, 469; *People v Johnson,* 162 AD2d 620; *People v Herring,* 149 AD2d 731, 734; *People v Turner,* 141 AD2d 878, 879). The defendant's knowledge of her codefendant's criminal purpose and the awareness that her acts assisted him in achieving that purpose is demonstrated by her admissions concerning Smalls' statement to her at the Mobil station that he intended to "get some money", his statement to her at the florist shop that he was going to "do" the store, and by her willingness to share in the proceeds of the crimes. By driving Smalls away from the scenes of the crimes after seeing the proceeds, the defendant demonstrated her awareness that she was assisting Smalls in making a successful getaway with those proceeds *(see, People v Casmento,* 155 AD2d 229; *People v Mercado,* 114 AD2d 377, 379; *cf., People v Ingram,* 71 NY2d 474, 480, n 2). Therefore, the circumstances of this case support the conclusion drawn by the jury that the defendant shared a " 'community of purpose' " with her codefendant *(People v Allah,* 71 NY2d 830, 832; *People v Whatley,* 69 NY2d 784; *People v Ramos, supra,* at 469; *People v Johnson, supra,* at 620; *People v Herring, supra,* at 734; *People v Turner, supra,* at 879).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.