■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GLEN ROBERTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County. (Farlo, J.), rendered July 28, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we conclude that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see,* Penal Law § 160.15 [4]; *People v Baskerville,* 60 NY2d 374). Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]; *People v Garafolo,* 44 AD2d 86, 88). The defendant's contention that the complainant's identification testimony was incredible as a matter of law is without merit. This testimony merely presented questions of the credibility of the witness and the weight to be accorded the testimonial evidence offered, which the jury resolved in the prosecution's favor *(see, People v Gaimari,* 176 NY 84, 94; *People v Mitchell,* 167 AD2d 356).

We also reject the defendant's claim that the court's charge was insufficient as a matter of law. He argues that the court did not instruct the jury to "carefully scrutinize" the identification evidence. However, the record reveals that the court gave detailed instructions on the manner in which the jury was to evaluate the identification evidence and the charge was more than adequate in that regard *(see, People v Whalen,* 59 NY2d 273, 279). Similarly unavailing is the defendant's contention that the court should not have referred to the People's identification evidence during this portion of the charge without also mentioning his rebuttal evidence. The defendant did not request that the court comment on his rebuttal evidence *(see,* CPL 470.05 [2]) and, thus, the contention is not preserved for appellate review. In any event, we find that in referring to the People's proof the court was doing no more than properly explaining the application of the law to the facts (CPL 300.10 [2]), and in so doing it sought to ensure that the jury would be cognizant of the subject matter of the identification instruction. The court was careful to clarify that the People *contended* that certain evidence established the identification. Accordingly, we conclude that no prejudice to the defendant resulted from the court's charge as given.

The defendant's claim that the court improperly gave an interested witness instruction is without merit. This instruction applied equally to both parties, and was appropriate as it

was made in conjunction with the court's general charge on credibility *(see,* 1 CJI[NY] 7.03).

The defendant's remaining contentions are either unpreserved for appellate review or without merit *(see,* CPL 710.30; *People v Delgado,* 80 NY2d 780; *People v Johnston,* 182 AD2d 707; *People v Schiliro,* 179 AD2d 693; *People v Cuba,* 154 AD2d 703; *People v DeArmas,* 106 AD2d 659, 660). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.