■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE HARRELL, Appellant. [599 NYS2d 812] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.) rendered March 26, 1991, convicting defendant, after a jury trial, of four counts of robbery in the first degree and one count of assault in the first degree, and sentencing him to concurrent terms of 5½ to 16½ years on two robbery counts and 2 to 6 years on the assault count, to run consecutive to concurrent terms of 2 to 6 years on the remaining robbery counts, unanimously affirmed.

Defendant and three other perpetrators were convicted for the brutal subway robbery of four Swiss tourists, during which defendant stabbed one of the victims in the face, permanently

blinding him in one eye. Defendant was tried with a codefendant, who had provided a complete confession. The written and videotaped statements were sufficiently redacted at trial to remove any facially incriminating reference to defendant *(People v Marcus,* 137 AD2d 723, *lv denied* 72 NY2d 862), and the court properly instructed the jury that the confession was applicable only to the prosecution of the codefendant. Since defendant challenged neither the redactions nor the instructions *in limine* at trial, no such challenges have been preserved for our present review, and we decline to review in the interest of justice.

A defendant has no absolute right to call a complainant as a witness at a pretrial *Wade* hearing *(People v Chipp,* 75 NY2d 327, 336-338, *cert denied* 498 US 833), and we find no substantive indication of undue suggestiveness *(see, People v Peterkin,* 75 NY2d 985; *People v Taylor,* 186 AD2d 367, *lv denied* 80 NY2d 1030) in the identification procedures to have warranted granting the defendant such relief.

Several of defendant's remaining evidentiary claims are unpreserved, and all are without merit.

While the court's use of a "two inference" instruction has been criticized *(see, e.g., People v Stinson,* 186 AD2d 23, 25), in the present case defendant's failure at trial to register an objection deprived the trial court of an opportunity to cure the error, thus failing to preserve the claim *(People v Autry,* 75 NY2d 836). When the court re-charged the jury during supplemental instructions, it did provide the approved instruction from the Criminal Jury Instructions. Defendant never objected to this procedure either, thus failing on another occasion to alert the court to error which, in any event, we find to have been cured by the supplemental instructions. The court also should have adhered to the statutory language (CPL 300.10 [2]) in providing the requested "no inference" instruction with reference to the defendant's failure to testify. However, the present claim is unpreserved for review, and we decline to review it in the interest of justice. Concur—Sullivan, J. P., Carro, Wallach and Nardelli, JJ.