■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHTON WOODBOURNE, Appellant. [656 NYS2d 891] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered February 24, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the second degree, unlawful imprisonment, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the inference of his guilt is consistent with, and flows naturally from, the facts proved *(see, People v White,* 162 AD2d 646, 647, citing *People v Kennedy,* 47 NY2d 196, 202). The proof was sufficient for the jury to infer that it was equally the purpose of both the defendant and his coperpetrator to cause the death of the victim, and that the defendant therefore possessed the requisite mental culpability for the commission of each offense for which he stands convicted *(see, People v White, supra,* at 648; *People v Allah,* 71 NY2d 830, 832; *People v Ramos,* 130 AD2d 688, 689). The People were not obligated to prove that the defendant fired the fatal shot *(see, People v Brathwaite,* 63 NY2d 839; *People v White, supra).* Rather, the existence of intent to kill may be inferred from the totality of the conduct of the defendant and the surrounding circumstances *(see, People v White, supra,* at 648; *see also, People v Bracey,* 41 NY2d 296, 301; *People v Armistead,* 178 AD2d 607, 608; *People v Turner,* 141 AD2d 878; *People v Santana,* 141 AD2d 778, 779).

The defendant's remaining contention that a *Dunaway* hear-

ing should have been held is unpreserved for appellate review *(see, People v Miguel,* 53 NY2d 920; *People v Martin,* 50 NY2d 1029; *People v Udzinski,* 146 AD2d 245, 250). Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.