Jose RAMOS, Petitioner,

v.

Christopher ARTUZ, Superintendent
Green Haven Correctional
Facility, Respondent.

No. 97 Civ. 3036(BDP).

United States District Court,
S.D. New York.

April 6, 1999.

Jose Ramos, Green Haven Correctional Facility, Stormville, NY, pro se.

John J. Sergi, ADA, Westchester County District Attorney's Office, White Plains, NY, for respondent.

### MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Petitioner Jose Ramos proceeding *pro se* has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Westchester County Court on July 11, 1985 on two counts of Murder in the Second Degree. Petitioner was sentenced to consecutive 25 years-to-life terms on September 3, 1985.

Following his conviction, Petitioner filed a timely notice of appeal to the Appellate Division, Second Department, which affirmed the conviction on October 1, 1990. *See People v. Ramos and Vaquero,* 166 A.D.2d 468, 560 N.Y.S.2d 687 (2d Dep't 1990). Leave to appeal to the New York State Court was denied on June 14, 1991. Subsequently, Petitioner filed proceedings

to set aside the judgment pursuant to N .Y.Crim.Pro.Law § 440.10. That application was denied in December 1993.

Ramos' Petition for Habeas Corpus was filed on April 18, 1997 and alleged various grounds for relief: (1) the jury charge failed to include an accomplice corroboration charge; (2) the trial court failed to grant a severance; (3) proof of guilt was insufficient; (4) the trial court failed to inquire about a sleeping juror; (5) there is no proof at trial that the crimes occurred in Westchester County; (6) Petitioner was not present during a pre-trial *Sandoval* hearing; (7) Petitioner was denied effective assistance of counsel; and (8) his sentence was illegal and violated due process. Petitioner's reply memorandum advanced several new grounds for relief. The Petition was referred to the Honorable Lisa M. Smith, Magistrate Judge, for a Report and Recommendation. Judge Smith's Report and Recommendation was filed on October 30, 1998 and recommended that the Petition be denied in its entirety.

The Petitioner filed timely objections which fall into two general categories. He contends (1) that he was innocent of the charges for which he was convicted and (2) that the performance of his trial counsel was constitutionally ineffective. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner contends his participation in the crimes for which he was convicted was not willing but, "... was in fact the result of coercion made by the true killers on Petitioner at the times that the said crimes were senselessly committed." (Objections at p. 2) He further maintains that "the acts Petitioner committed were the product of orders received from the true killers which Petitioner followed up against his will in fear of his life." Finally, Ramos contends that "... this is a case where an innocent man is convicted due to the circumstances of the case and due to his criminal record but not ... on the true facts that took place at the time the crime was committed. The trial rec-

ord indicates that the proof of guilt against this specific defendant ... was insufficient to fulfill the elements of murder in the second degree, therefore his conviction is illegally obtained and is in violation of Petitioner's constitutional rights." (Objections at p. 3)

■ The trial record, however, indicates that Petitioner was an active participant in the murder of two women. The participation included (1) bringing one of the victims, whose hands were bound behind her back into the living room where the murder occurred, (2) carrying and brandishing a .45 pistol, (3) sitting near the two victims holding a .45 pistol as they were tied up and placed in garbage bags, (4) encouraging a co-defendant who actually committed the murders to speed up his activities, (5) removing the garbage bags, ropes and tapes with which the victims were initially restrained, retying and rebagging the victims (the trial testimony established that this conduct caused death by asphyxiation,) (6) emptying the trunk into which the victims' bodies were placed, carrying at least one of the victims outside of the murder scene and placing her into the trunk of the car, and (7) assisting a co-defendant in removing the bodies from the trunk and throwing them onto the roadside. In view of the evidence in the record, Ramos' claim of actual innocence of second degree murder is not persuasive. The facts were sufficient for the jury to have concluded that he shared a community of purpose with his companions and was thus guilty of second degree murder. *People v. Allah*, 71 N.Y.2d 830, 527 N.Y.S.2d 731, 522 N.E.2d 1029 (1988). In any event, Petitioner has not established that the record is so clearly devoid of evidentiary support that a due process issue is raised. *Bossett v. Walker*, 41 F.3d 825 (2d Cir. 1994).

■ Petitioner's other objection contests Judge Smith's findings that trial counsel's performance was not constitutionally ineffective. Having reviewed the record we conclude, as did Judge Smith,

that ineffectiveness has not been demonstrated. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the inquiry is whether Petitioner received assistance demonstrably below an objective level of competence and whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Ramos has failed to carry this burden. Ramos quarrels with his counsel's decisions not to, for example, request an accomplice corroboration instruction, request a circumstantial evidence charge and or to call various witnesses. While different strategic decisions could have been made, the ones that were made fell within the range of constitutional effectiveness. Even though counsel's strategy was ultimately unsuccessful, that fact does not render his assistance constitutionally ineffective. *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987).

Finally, even if counsel's actions were deficient, the record does not demonstrate any likelihood that, but for counsel's errors, Ramos would have obtained a different result at trial. The evidence against him was substantial. The state's main witnesses were two individuals who were present during the crimes and who testified concerning Ramos' involvement in them. In addition, Ramos made incriminating statements both to arresting officers as well as to informants.

The Report and Recommendation of the Magistrate are adopted and accepted. The objections to that Report are overruled. Ramos has not made a substantial showing of the violation of his constitutional rights, consequently, a Certificate of Appealability will not issue. 28 U.S.C. § 2253 as meant by the Antiterrorism and Effective Death Penalty Act of 1996. *See generally Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997). This Court, pursuant to 28 U.S.C. § 1915(a)(3) certifies that, since any appeal from this Order would not be taken in good faith. The Clerk of the Court is directed to dismiss the Petition and to enter a final judgment in favor of Respondent.

**SO ORDERED.**