■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEZZIE GOODLUCK, Appellant. [987 NYS2d 47]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 15, 2011, convicting defendant, after a jury trial, of scheme to defraud in the first degree, and sentencing her to a term of 364 days, unanimously affirmed.

Where defendant was charged with participating, along with other defendants, in a fraudulent investment scheme, the court properly exercised its discretion in receiving testimony of investors who did not have contact with defendant. Since the scheme to defraud count required the People to show a pattern of fraudulent conduct targeting more than one victim (*see* Penal Law § 190.65 [1] [b]), these witnesses provided highly probative evidence of the scope of the scheme. Although the People also introduced the testimony of the two investors whom defendant directly recruited, the People "were not bound to stop after presenting minimum evidence" (*see People v Alvino*, 71 NY2d 233, 245 [1987]). Moreover, the People only called as witnesses a few of the many victims of the scheme.

The court also properly exercised its discretion in receiving evidence of defendant's refusal to cooperate with an internal, nonpolice investigation by the bank where she was employed. When a bank official who was investigating defendant's solicitation of bank customers for the investment scheme at issue asked her to appear for an interview, defendant attempted to resign, and was terminated. This evidence was probative of her consciousness of guilt (*see People v Holland*, 174 AD2d 508, 510 [1st Dept 1991], *lv denied* 78 NY2d 1011 [1991]).

The court permitted defendant a full opportunity to cross-examine all prosecution witnesses, and it imposed appropriate limits on defendant's elicitation of collateral and irrelevant matters.

The court properly precluded defendant from eliciting evi-

dence of a statement by a codefendant, who was a fugitive, that purportedly exculpated defendant. Although defendant offered this statement as evidence of the codefendant's state of mind, it was essentially a factual assertion that was irrelevant unless offered to prove the truth of the matter asserted. Accordingly, the statement was hearsay (*see People v Reynoso*, 73 NY2d 816, 819 [1988]), and it was not admissible under any hearsay exception.

We have considered and rejected defendant's ineffective assistance of counsel claim (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's remaining contentions, including all of her constitutional arguments, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Mazzarelli, J.P., Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.